IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BILLINGS, BILLINGS POLICE DEPARTMENT, CHIEF ST. JOHN and OFFICER MORRISON,<br><br>Defendants. | CV 13-107-BLG-SEH-CSO<br><br><br><br>**ORDER DENYING STIPULATED PROTECTIVE ORDER – WITH LEAVE TO RENEW** |

On November 6, 2013, the parties filed a Stipulated Protective Order. *DKT 23*. Attached to the Stipulated Order was a proposed protective order. Based on the following authorities, the Court will deny the motion with leave to renew.

**I.   Discussion**

The Court's preference is to approve a stipulated protective order. The parties should be aware, however, that even a stipulated order may not protect documents from later disclosure if required showings have not been made.

Fed. R. Civ. P. 26(c)(1) states that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (2011).  In addition, the Ninth Circuit has ruled that the following standards determine whether a protective order is appropriate:  (1) a "good cause" standard for "private materials unearthed during discovery" and  (2) a "compelling reasons" standard for "most judicial records." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).

Here, the proposed protective order contemplates the sealing of documents filed with the Clerk of Court (judicial records), but there has been no showing of compelling reasons.  As such, the Court will not sign the proposed order.

To protect documents filed with the court, especially documents filed with dispositive motions, a party must go beyond the "good cause" standard and show "compelling reasons" for sealing.  *Pintos,* 605 F.3d at 679 (*citing Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003) (holding that the *Phillips* exception for privately exchanged material is "expressly limited to the status of materials . . .

attached to a *non-dispositive* motion") (emphasis in original)).

Where access to the Clerk of Court's case files is at issue, there exists a common law right of access, which is a "general right held by all persons." *U.S. v. Business of Custer Battlefield Museum and Store Located at Interstate 90, Exit 514, South of Billings, Mont.*, 658 F.3d 1188, 1192, n.4 (9th Cir. 2011). The common law right of access does not apply to all types of documents, however. *Id.* at 1192 (*citing Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.' ")). Thus, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz,* 331 F.3d at 1135). The Ninth Circuit explained this ruling as follows:

> Different interests are at stake with the right of access [to court records] than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. *See Nixon,* 435 U.S. at 597, 98 S.Ct. 1306. This fact sharply tips the balance in favor of

>production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record. Thus a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Kamakana,* 447 F.3d at 1180.

To overcome this "strong presumption" favoring access, a party seeking to seal a judicial record must meet the "compelling reasons" standard. *Id.* This standard requires the party to "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . ." *Id.* at 1178-79 (citations omitted). It is reversible error for a court to seal documents connected with dispositive motions without considering the "compelling reasons" standard and both "relevant factors." *Pintos*, 605 F.3d at 679; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d at 430, n.8.

Despite the parties' stipulation, it would be error for the Court to issue the broad protective order as proposed. The parties may re-file their stipulation, submitting a proposed protective order that satisfies the legal standards set forth above. In so doing and in all future documents jointly filed, the parties must comply with Local Rule 11.2.

The parties stipulated protective order, as currently filed, violates Local Rule 11.2(b) which provides that: "[i]n no event may one signature page be signed in the "/s/" electronic form by one party and by hand signature by another party."

Based on the foregoing,

**IT IS ORDERED** that the Unopposed Stipulated Protective Order (*DKT 23)*, treated as a motion, is DENIED with leave to renew.

DATED this 7th day of November, 2013.

                                           /s/ Carolyn S. Ostby
                                    United States Magistrate Judge