IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH, | CV 13-107-BLG-SEH-CSO |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF BILLINGS, BILLINGS POLICE DEPARTMENT, CHIEF ST. JOHN and OFFICER MORRISON, | |
| Defendants. | |

This matter is pending on Defendants' Motion to Compel Discovery. *ECF 27*. Plaintiff, Benjamin Smith, did not respond to Defendants' motion. Pursuant to Local Rule 7.1(d)(B)(ii), a failure to file a response to a motion may be deemed an admission that the motion is well-taken. The Motion to Compel will be granted.

## I. Legal Standard for Motions to Compel

The Court has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted);

1

*Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)).

If no claim of privilege applies, the production of evidence can be compelled regarding any matter that is "relevant to any party's claim or defense . . . " Fed.R.Civ.P. 26(b)(1). The Court can limit discovery requests if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii).

## II. Discussion

### A. Interrogatory No. 3

This interrogatory asks Smith to describe every encounter with law enforcement that he has had the past ten years. Even though Smith is in prison, he must provide Defendants with a list of every encounter with law enforcement that he can recall in the past ten years. If he cannot recall any such encounters, he must so state.

### B. Request for Production No. 3 and 11

These requests seek copies of all documents which relate to or support Smith's claims for damages including income tax returns for the preceding seven years. Smith responded that he does not have the resources to provide this information. *ECF 28-1 at 4*.

To the best of his recollection, Smith must specifically list the amount of the value of each item of damages he seeks and how he will establish that value. If he does not have documents to support the value of each item of damages, he must state whether such documents exist, and if so where they are located and who has custody or control of those documents. Defendants can provide Smith with a release to obtain copies of tax returns.

### C. Request for Production No. 4

This request seeks copies of all Smith's medical records for the past ten years. The only medical records that appear to be relevant to Smith's claims are those for the treatment for psychological, psychiatric, mental and emotional health. Therefore, Smith must provide Defendants a list of all such treatments he has received in the past ten

years to the best of his recollection, including the identification of the names and locations of the treatment providers.

### D. Request for Production No. 8

Defendants seek copies of the documents Smith expects to use at trial. Smith responded that he would use the documents that were part of his criminal case, including the motion to suppress filed by his criminal defense attorney.

To the extent that Smith intends to use any documents that are not in the public record in his criminal case, he must identify those documents and inform the Defendants how they can get a copy of those documents.

### E. Interrogatory No. 11

Defendants ask Smith to identify every individual whom he spoke with regarding his discovery responses. Smith must provide a brief description of the nature of his conversations with the Montana Bar Association, the Montana Ethics Committee, and the NAACP. He need not disclose requests for legal advice or any legal advice which he may have obtained during these conversations. He need only provide a brief

statement regarding what these conversations were generally about.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Defendants' Motion to Compel (*ECF 27*) is granted. Smith must provide the information discussed in this Order to Defendants on or before May 26, 2014.

2. If Smith fails to comply with this Order, his case may be dismissed or he may be prohibited from introducing at trial any evidence requested in discovery but not provided. *See* Fed.R.Civ.P. 37(b)(2)(A).

DATED this 23rd day of April, 2014.

                                           /s/ Carolyn S. Ostby
                                        United States Magistrate Judge